IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENISIMANI T. SCHNEIDER, | No. C 09-04828 JF (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| COLLEEN NOLL, Warden, | |
| Respondent. | |

Petitioner, a California inmate currently incarcerated at the La Palma Correctional Center in Eloy, Arizona, proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction out of Contra Costa County. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 2007, Petitioner pleaded no contest to several counts, including but not limited to three felonies, attempted murder, assault with a deadly weapon, assault by means of force likely to produce great bodily injury and child endangerment in Contra Costa

County Superior Court. (Pet. Ex. F at 1-2.) On April 10, 2008, Petitioner was sentenced to five years in state prison. (Pet. at 2.) Petitioner filed a direct appeal to the California Court of Appeal, which resulted in a corrected restitution. (Id. at 3.) Petitioner filed state habeas petitions, with the state high court denying review on July 8, 2009. Petitioner filed the instant federal petition on October 9, 2009.

## DISCUSSION

**A.      Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims the following: 1) judicial bias by the trial judge in refusing Petitioner's motion for new counsel; 2) ineffective assistance of counsel for his failure to conduct reasonable pretrial investigation; 3) ineffective assistance of counsel in advising Petitioner to accept the plea agreement; and 4) cumulative error.

Claims 1 and 2 are not cognizable because a defendant who pleads guilty, or no contest, cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.[1] See Haring v.

---

[1] California Penal Code section 1016 provides: "... [A] plea of nolo contendere shall be considered the same as a plea of guilty and [] upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. "

Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation).

The only challenges left open in federal habeas corpus after a guilty plea or a plea of nolo contendere is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. A defendant who enters a guilty plea or a no contest plea on the advice of counsel may generally only attack the voluntary and intelligent character of the plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.[2] See Hill, 474 U.S. at 56; Tollett, 411 U.S. at 267; United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988). Liberally construed, claim 3 is cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted on the basis of claims 3 and 4.

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a

---

[2] The decision whether or not to accept a plea offer is a critical stage of the prosecution at which the Sixth Amendment right to counsel attaches. Iowa v. Tovar, 541 U.S. 77, 80-81 (2004); Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002).

copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of that the answer is filed.

3. Alternatively, Respondent may, within **sixty (60) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/12/10

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.09\Schneider04828_osc.wpd
4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PENISIMANI T. SCHNEIDER,

    Petitioner,

v.

COLLEEN NOLL, Warden,

    Respondent.
                                                     /

Case Number: CV09-04828 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  2/22/10  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Penisimani T. Schneider G-14860
La Palma Correctional Center
Hopi Bravo 114
5501 N. La Palma Road
Eloy, AZ 85131

Dated: 2/22/10

Richard W. Wieking, Clerk