**E-FILED 9-20-2011**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PENISIMANI T. SCHNEIDER, | No. C 09-4828 JF (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| COLLEEN NOLL, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be DENIED.

## BACKGROUND

In 2008, pursuant to a plea agreement, Petitioner pled *nolo contendere* in the Contra Costa Superior Court to charges of attempted murder, assault with a deadly weapon, corporal injury on a spouse, and five misdemeanors. In exchange for his plea, other charges were dismissed, and Petitioner received a prison sentence of five years and an agreement that the conviction would count only as one "strike" for purposes of California's "Three Strikes Law." Petitioner filed this action after being denied relief on direct and collateral state

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.09/Schneider828.hc.md.wpd

review. The state appellate court's opinion was not specific as to any claims, but disposed of the appeal by the following: "we have reviewed the entire record and have concluded that there is no arguable issue on appeal." (Ans., Ex. 3 at 4.)

As grounds for federal habeas relief, Petitioner alleges that (1) defense counsel rendered ineffective assistance in advising him to accept the plea agreement; and (2) that there was cumulative error.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask

whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I.  Assistance of Counsel

Petitioner claims that his defense counsel rendered ineffective assistance in advising him to accept the plea agreement. More specifically, Petitioner alleges that he "felt pressured [to plead *nolo contendere*] by his own counsel, [and] also compelled by his family." (Pet. at 11.) According to the petition, defense counsel told Petitioner's family that Petitioner "was stupid if he were to take his case to trial — that he would lose and be sentenced to life in prison." (*Id.*) Petitioner also alleges that his defense counsel asked one of Petitioner's friends to talk him into accepting the plea agreement. (*Id.*)

After a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus concern the voluntary and intelligent character of the plea and the adequacy of the advice of counsel.[1] *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Where, as here, a petitioner is challenging his guilty plea,[2] the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel'[s errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill*, 474 U.S. at 56–57).

Under the first prong of *Womack*, a petitioner must establish that defense counsel's performance fell below an "objective standard of reasonableness" under prevailing

---

[1] There are exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

[2] Under California law, a plea of *nolo contendere* in a felony case is the equivalent to a plea of guilty for all purposes. Cal. Pen. Code § 1016.

professional norms, *Strickland v. Washington*, 466 U.S. 668, 687–68 (1984), "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (quoting *Strickland*, 466 U.S. at 689). Overall, "the standard for judging counsel's representation is a most deferential one." *Id.* at 788.

Due process requires that a guilty plea be both knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). A guilty plea induced by promises or threats which deprive it of the character of a voluntary act is void. *See Machibroda v. United States*, 368 U.S. 487, 493 (1962). This being said, "[i]n any guilty-plea system, pricks, prods, and provocations—whether from a lawyer, a mother, a father, a friend or anybody else — will frequently steer a defendant's thoughts, in that sense "coercing" pleas. But not every piece of advice or pressure from a private party amounts to unconstitutional coercion." *United States v. Wilson*, 922 F.2d 1336, 1341 (9th Cir. 1991). Further, "mere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion." *Iaea v. Sunn*, 800 F.2d 861, 867 (9th Cir. 1986).

Petitioner's claim falls well short. First, he does not allege that defense counsel used promises or threats to coerce him into pleading guilty. Urging his client to accept the plea, and encouraging his family to convince him to accept the plea, are not the same as a threat or a promise, nor do they amount to unconstitutional coercion. The record shows that counsel simply was informing Petitioner and his family and friends that the prosecutor's case was strong and that Petitioner would be best served by entering into a plea agreement. Indeed, the prosecution's case *was* strong, as the victim and her two sons could testify to the events, and, if he were convicted on all charges, Petitioner faced an indeterminate term of up to life in prison. Second, Petitioner's admissions at his plea hearing contradict his allegations that his plea was anything other than knowing and voluntary. At that hearing, Petitioner stated

under oath that his decision to enter a plea was the result of sufficient discussions with his defense counsel about the nature, elements of, defenses to, and consequences of pleading to the charges. (Ans., Ex. 2, Vol. 2 at 8–9.) When asked whether he understood the specifics of the charges and that he was waiving his trial rights, Petitioner answered clearly in the affirmative. (*Id.* at 11–13.) When asked whether he or anyone he knew had been threatened in any way to persuade him to enter a guilty plea, Petitioner answered in the negative. (*Id.* at 13.) Such assertions at a plea hearing carry great weight:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [ ] a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (citations omitted).

Petitioner's allegations are insufficient to overcome the presumption of verity established by his previous statements under oath. In light of the record and the strength of the evidence against him, Petitioner has not shown that defense counsel's performance was deficient or that he suffered prejudice.

## II.   Cumulative Error

Petitioner also claims that he suffered prejudice because of the cumulative effect of "the foregoing errors." (Pet. at 12.) Even if no single trial error is sufficiently prejudicial to warrant relief, the cumulative effect of several errors still may prejudice a defendant such that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893–95 (9th Cir. 2003). However, where no single constitutional error is shown, there can be no cumulative error. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). Here, Petitioner has not shown that there were any constitutional errors in the underlying proceedings.

**CONCLUSION**

The Court finds and concludes that there was a "reasonable basis for the state court to deny relief," *Richter*, 131 S.Ct. at 784, and that the state court's decision as to Petitioner's claims was neither contrary to, nor or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, the petition will be DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

DATED: September ___, 2011

JEREMY FOGEL
United States District Judge

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.09/Schneider828.hc.6nd.wpd

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PENISIMANI T. SCHNEIDER,

        Plaintiff,

  v.

COLLEEN NOLL et al,

        Defendant.

Case Number: CV09-04828 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Penisimani T. Schneider G-14860
392 La Strada Dr. #11
San Jose, CA 95123

Dated: September 20, 2011

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk